**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| WAYLAND COLLINS, ET AL., | Case No. 2:19-cv-01970-JAD-DJA |
| Plaintiffs, | |
| v. | **ORDER** |
| JOHN. C. BENTON DBA Q&M MOTOR TRANSPORTS, ET AL., | |
| Defendants. | |

This matter is before the Court on Defendants' Emergency Motion to Compel Production of Documents Responsive to Subpoena or, Alternatively, Motion to Transfer Enforcement of Subpoena (ECF No. 1), filed on November 8, 2019.

### I. BACKGROUND

This action arises out of a subpoena issued by the United States District Court for the Eastern District of Louisiana on July 26, 2019 in a pending case before that court involving the same parties: *Wayland Collins et al v. Mark Ingel et al.*, Case No. 2:18-cv-0746-NJB-MBN (the "underlying action"). The underlying action involves an alleged motor vehicle accident that occurred in New Orleans, Louisiana on August 9, 2017, which led Plaintiffs to claim injuries and seek treatment with various medical providers. Defendants claim that medical and billing records reveal that medical treatment for the Plaintiffs was funded or financed by third party, Medport LA, LLC.

In the instant motion, Defendants seek an order compelling Medport to produce documents responsive to the subpoena served on it on July 30, 2019. Alternatively, Defendants note that under Fed.R.Civ.P. 45(f), the Court may transfer this Motion to the Issuing Court for resolution. Defendants request transfer because that court is familiar with the issues involved in the litigation, has been actively managing the underlying action, discovery closes shortly – on

November 27, 2019. Trial has been set for January 27, 2020, and a similar motion is set for hearing before that court on November 20, 2019.

**II.    ANALYSIS**

Rule 45(f) gives this Court[1] discretion to transfer subpoena-related motions to the issuing court. *See* Fed.R.Civ.P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."); *see also Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014). The party seeking a Rule 45(f) transfer bears the burden of showing that exceptional circumstances are present. Fed.R.Civ.P. 45 Advisory Comm. Notes (2013); *see also Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015).

Whether "exceptional circumstances" exist for a transfer turns on the particular facts of each case. *Id.* at 428. Indeed, Rule 45 does not define "exceptional circumstances," but the Advisory Committee Notes formulate a balancing test. The Advisory Committee Notes state that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts," so long as those interests outweigh the interests of the subpoenaed party in obtaining local resolution of the motion. *Moon Mountain*, 301 F.R.D. at 428 (quoting Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013)); *see also Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (a nonparty's interest in obtaining local resolution of the motion "must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court.").

Here, the Court finds that the factors of judicial economy, docket management, and the risk of inconsistent rulings weigh in favor of transferring the motion to the Issuing Court. The judges assigned to the underlying action are familiar with the case and the discovery issues

---

[1] Courts are in agreement that Rule 45(f) motions to transfer fall within the gambit of non-dispositive matters properly determined by a magistrate judge. *See, e.g., Argento v. Sylvania Lighting Servs. Corp.*, 2015 WL 4918065, at *2 (D. Nev. Aug. 18, 2015).

involving medical and billing record relevance and proportionality to the underlying action. In fact, there is a currently scheduled hearing for November 20, 2019 on a motion to compel one of Plaintiff's providers to produce documents. (ECF No. 1, 17). A transfer will minimize any risk of inconsistent discovery rulings and promote judicial economy. The court presiding over the underlying action is in the best position to assess the merits of the dispute, weigh the proportionality issues concerning the discovery sought and address the consequences of Medport's non-compliance. Moreover, with the discovery cutoff and trial date quickly approaching, the Issuing Court is better served to manage its docket by transferring the Motion in order to avoid aversely impacting the underlying action's progression on the timetable set by those judges.

With the above considerations in mind, the Court turns to balancing Medport's interests. The primary factor to consider is any burden imposed on Medport by transferring the motion to the issuing court. "Transferring a motion to the jurisdiction where the underlying litigation is pending . . . will require few, if any, modifications of the written submissions." *Wultz v, Bank of China, Ltd*., 304 F.R.D. 38, 45 (D.D.C. 2014). Moreover, absent unusual circumstances, the cost of litigation alone does not constitute an unfair burden. *See Moon Mountain*, 301 F.R.D. at 430. Indeed, the Advisory Committee Notes encourage transferee courts to allow appearances to be made telephonically in the event that a hearing is deemed to be necessary. *See, e.g., Valle del Sol, Inc. v. Kobach*, 2014 WL 3818490, *3 (D.Kan. Aug. 4, 2014) (quoting Fed.R.Civ.P. 45(f) Advisory Committee Notes (2013)). Further, Medport would not necessarily need to obtain local counsel as Rule 45(f) expressly provides that a subpoenaed party does not need to obtain out-of-state counsel in the event of a transfer. ("if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court"); *see also Kobach*, 2014 WL 3818490, at *5.

Taking into consideration the issues raised in Defendants' Motion, together with the deadlines already in place, including the close of discovery in approximately two weeks and the trial in a little over 60 days, the Court finds that a response from Plaintiffs and/or Medport is not

necessary for the determination of the transfer of this Motion. Medport may raise any arguments or objections to the subpoena or the issues raised in the Motion before the Issuing Court.

### III. CONCLUSION

The Court finds that exceptional circumstances exist in this case warranting transfer of the Motion to Compel based on the fact that the transfer advances judicial economy, avoids the potential for inconsistent rulings, and prevents disruption of the management of the underlying action. The Court further finds a *de minimis* burden on Medport, if any burden at all, resulting from the transfer. Therefore, the Court will transfer the Motion to the United States District Court for the Eastern District of Louisiana.

**IT IS THEREFORE ORDERED** that Defendants' Emergency Motion to Compel Production of Documents Responsive to Subpoena or, Alternatively, Motion to Transfer Enforcement of Subpoena (ECF No. 1) is **granted** insofar as it requests transfer to the United States District Court for the Eastern District of Louisiana in the pending matter of *Wayland Collins et al v. Mark Ingel et al.*, Case No. 2:18-cv-0746-NJB-MBN.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer the Motion to the Eastern District of Louisiana and close the file in this district.

DATED: November 12, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE